

"In Care Of"
Mareine M. Plong     [Sovereign]
Brendem Plong       [Sovereign]
23602 Magic Mountain Pkwy #220
Valencia, CA [91355]
Phone | 818 448-1539
Email: mareinep@aol.com

Plaintiff in Pro Per

7/24/2023

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mareine M. Plong & Brendem Plong [Sovereigns] in Pro Per,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK TRUST, N.A. et al.,<br><br>Defendants, | Case No.: 2:20-cv-06999-JWH-AGR<br><br>DEMAND FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION<br><br>Date: Action Filed August 3, 2020<br>Trial Date: None<br><br>Hon: John W. Holcomb |

**DEMAND FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

COME NOW the Plaintiffs, Mareine M. Plong & Brendem Plong, by and through plaintiffs of record herein, and moves the Court, pursuant to Rule Code Civ. Proc. § 415.20 Rules of Civil Procedure, for default judgment should be GRANTED. If a party fails to properly assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) the court may support thereof would show unto the court the following:

1.

Upon consideration of Plaintiff's Application for Entry of Default, along with the supporting Affidavit, both beings in compliance with Rule Code Civ. Proc. § 415.20 Rules of Civil Procedure, it is hereby determined that a copy of the Motion for Summary Judgment Memorandum of Points and Authorities, together with a copy of the Declaration Relief, were served upon Defendants attorney PETER J. SALMON (SBN 174386), JILLIAN A. BENBOW (SBN 246822), ALDRIDGE PITE, LLP (Law Firm) for U.S. BANK TRUST, N.A., not in its individual capacity but solely as owner trustee for LEGACY MORTGAGE ASSET TRUST 2017-GS1, RUSHMORE LOAN MANAGEMENT LLC (Servicer) it appointed Attorney-In-Fact JAMES BYERS (a deceased entity); CLEAR RECON CORP, CHRISTINE DANKS (Unaffiliated Entity) Authorized Signatory Trustee the date of execution on April 10, 2019, and on June 22, 2022, Plaintiff's Motion for Summary Judgment Memorandum of Points and Authorities, Declaratory Relief, was served upon the Defendants by certified mail, restricted delivery, requested on June 17th, 2022, Pursuant to Rule Code Civ. Proc. §415.20 Rules of Civil Procedure, service of process was deemed completed on July 22, 2022.

On July 29, 2022, Plaintiffs filed a Notice of Default on behalf of Defendants non-responded to Motion for Summary Judgment Memorandum of Points and Authorities, Declaratory Relief.

On February 26, 2023, Plaintiffs Objection to Defendants' Opposition for the Second Reconsideration; and Motion to Moot all pleading filed by attorney until attorney can proved subject matter jurisdiction on the court record and supporting affidavit and

cause of claims, Pursuant to Rule Code Civ. Proc. § 415.20 rules of civil procedure, service of process was deemed to be complete to defendant on February 28, 2023.

March 13, 2023, Plaintiffs filed application for entry of default and supporting Affidavit and cause of claim. The Defendants have totally failed to plead or refused to answer or otherwise defend this action.

On May 12, 2023, an entry of default is a serious remedy that is warranted when a party has failed to appear or failed to respond to the opposing party's arguments as required by the Rule of Civil Procedure U.S. Bank Trust, N.A., Legacy and Rushmore it appointed attorney in fact JAMES BYERS (a Deceased Entity), and CLEAR RECON CORP by Agent CHRISTINE DANKS (Unaffiliated Entity) the execution date on April 10, 2019, in this case, failed to respond to the wrongful foreclosure lawsuit, motion to moot all pleadings filing by the attorney until can they prove subject matter jurisdiction on the court record and supporting affidavit and cause of claims. The clerk is ordered to enter default judgment in favor of the plaintiffs.

The clerk of the court is hereby directed to enter a default against the defendants for their failure to respond to the lawsuit filed against them.

Each of the Defendants named herein are believed to and are alleged to have been acting in concert with as employee, agent, co-conspirator or member of a joint venture of each of the other Defendants and therefore, alleged to be jointly and severally liable for the claims set forth herein except as otherwise alleged.

Plaintiffs request the clerk to grant damages in full amount in the lawsuit of **300,000 Pieces of One-Ounce Silver Coins, real currency, minted in the USA and an additional amount of $3.5 million Dollars**. Plaintiff also request the court to order

the defendants to **discharge the alleged debt provide clear title** to the plaintiff, and contact the credit reporting agencies to correct the false information reported to them that is damaging plaintiff's credit history.

2.

Defendants have not filed an Entry of Appearance.

3.

On the 13th day of March 2023, the Clerk of this Court, after reviewing the Application for Default and the supporting Affidavits, docketed entry of default judgment against the defendant.

4.

Pursuant to Rule Code Civ. Proc. § 415.20 Rules of Civil Procedure, Plaintiffs are entitled to a Default Judgment for Defendants' failure to answer or otherwise defend.

5.

That the claim in the Complaint is for a sum certain, or a sum that can be made certain by computation, thus, judgment should be entered without the necessity of a further hearing.

6.

Defendants RUSHMORE LOAN MANAGEMENT SERVICE LLC it appointed Attorney-In-Fact JAMES BYERS (a Deceased Entity) has not entered an appearance in the case. All Defendants have failed to file or serve an Answer or any responsive pleading in this case as of today' date, July 24, 2023.

In light of the above, Plaintiffs Demand for Default Judgment should be granted in accordance with CR 55(a).

7.

This motion is based upon the records and files herein. According to CR 55(a): "(1) Motion when a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made." CR 55(a)(1).

8.

CR 55(a) also provides: "Notice. Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and supporting affidavit at least five days before the hearing of the motion. Any party who has not appeared before default and supporting affidavit are filed is not entitled to a notice of the motion, the motion provided in rule 55(f)(2)(A)." CR 55(a)(3). This motion, the Declaration of Mareine M. Plong, Note for Motion, and Declaration of Service are being on February 26, 2023.

**WHEREFORE** PREMISES CONSIDERED, Plaintiff moves the Court to enter a default judgment against all Defendants in the amount of prayed for in the Complaint, plus interest, and for such other reliefs as the Court may deem necessary and appropriate.

Date: July 24, 2023.                    Respectfully Submitted,

                                        */s/ Mareine mplong*
                                        Mareine M. Plong, Plaintiff Pro Per

                                        */s/ Brendem plong*
                                        Brendem Plong, Plaintiff Pro Per

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the EDSS system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2023.

Dated: July 24, 2023.                    Respectfully submitted,

*/S/ Maerine mplong*
Mareine M. Plong,
Plaintiff Pro Per